# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

SEOUL MUTUAL SAVINGS BANK,

        Plaintiff,

  v.

JUNGHAN SUH a/k/a JUNG HAN SUH
a/k/a RUPHINO SUH a/k/a SUH
JUNGHAN a/k/a RUPHINO J. SUH a/k/a
J. SUH a/k/a JUNGEUN SUH a/k/a JUNG
H. SUH a/k/a JUNG SUH a/k/a
JUNGHAN FUH a/k/a JUNG LEE a/k/a
JUNGHAM SWH a/k/a JUNGHAN SUH;
JUNGEUN LEE a/k/a JAMYE LEE a/k/a
JUNG E. LEE a/k/a JEONG Y. LEE a/k/a
JAMIE LEE a/k/a JUNG LEE a/k/a JUNG
EUN LEE a/k/a JESSICA LEE,

        Defendants.

CASE NO.

**COMPLAINT FOR: VIOLATION OF THE MASSACHUSETTS UNIFORM FRAUDULENT TRANSFER ACT, MASS. GEN. LAWS CH. 109A, § 1 *ET SEQ*.**

Plaintiff, Seoul Mutual Savings Bank ("Seoul Mutual"), by and through its undersigned counsel, hereby submits this Complaint against JUNGHAN SUH a/k/a JUNG HAN SUH a/k/a RUPHINO SUH a/k/a SUH JUNGHAN a/k/a RUPHINO J. SUH a/k/a J. SUH a/k/a JUNGEUN SUH a/k/a JUNG H. SUH a/k/a JUNG SUH a/k/a JUNGHAN FUH a/k/a JUNG LEE a/k/a JUNGHAM SWH a/k/a JUNGHAN SUH (hereinafter "Junghan Suh");  and JUNGEUN LEE a/k/a JAMYE LEE a/k/a JUNG E. LEE a/k/a JEONG Y. LEE a/k/a JAMIE LEE a/k/a JUNG LEE a/k/a JUNG

EUN LEE a/k/a JESSICA LEE (hereinafter "Jungeun Lee"); (collectively, hereinafter "Defendants"), and in support thereof, states as follows:

## PRELIMINARY STATEMENT

1.     This Complaint is a civil action related to pending suits in the Republic of Korea against, *inter alia*, Junghan Suh and Jungeun Lee.

2.     Plaintiff Seoul Mutual brings this action for equitable and other relief pursuant to the Massachusetts Uniform Fraudulent Transfer Act, CH. 109A, § 1 *et seq*.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000.

4.     The Court has personal jurisdiction over the Defendants because the Defendants are residents of Massachusetts.

5.     Venue is also proper because Defendants reside in and/or conduct business in and/or the majority of the events giving rise to this lawsuit occurred in this judicial district.

6.     Venue is appropriate in this judicial district because the underlying injuries resulting from Defendants' wrongful conduct occurred, in part, in Norfolk County.

**PARTIES**

7.     Plaintiff Seoul Mutual is a bank organized and existing pursuant to the laws of the Republic of Korea and has corporate headquarters in the Republic of Korea.

8.     Upon information and belief, Defendant Junghan Suh is an adult individual residing in Brookline, Massachusetts.

9.     Upon information and belief, Defendant Jungeun Lee is an adult individual residing in Brookline, Massachusetts.

**FACTS**

10.     Upon information and belief, Kap Soo Suh is an adult individual residing in the Republic of Korea.

11.     From April 6, 2007 to January 15, 2008, Kap Soo Suh served as a Representing Director of Seoul Mutual and had an obligation to observe rules and regulations governing financial institutions and the issuance of loans pursuant to the laws of the Republic of Korea.

12.     Pursuant to Article 399 of the Commercial Act, an agent of a financial institution who issues an illegal loan shall be personally liable for any amount that has become due and remains unpaid.  *See* Daebeobwon [DBW] [Supreme Court] S. Ct. Dec. 2002 Da 11441 (S. Korea).

13.     In or about March, 2014, the Korea Deposit Insurance Corporation and the Bankruptcy Trustee for Seoul Mutual initiated an action against Kap Soo Suh, Jung Y. Seo and Minjung Kim and four other defendants in the Seoul Central District Court, Republic of Korea (the "KDIC Action").

14.     According to the complaint in the KDIC Action, on July 27, 2007, Kap Soo Suh issued an illegal loan in the amount of 5.0 billion Korean Won to Chemical R2U, Co., Ltd. ("Chemical R2U") on behalf of Seoul Mutual.  The complaint alleges that, due to Kap Soo Suh's illegal loan provision, 3.500 billion Korean Won of such loan remains unpaid.  The complaint further alleges that Kap Soo Suh has caused damage to Seoul Mutual in the amount of 842 million Korean Won.

15.     The complaint in the KDIC Action further alleges that Kap Soo Suh issued an illegal loan in the amount of 3.5 billion Korean Won to Deokcheon Industries, Co., Ltd. ("Tomorrow Ascon") on behalf of Seoul Mutual.  The complaint alleges that, due to Kap Soo Suh's illegal loan provision, 3.5 billion Korean Won of such loan remains unpaid.  The complaint further alleges that Kap Soo Suh has caused damage to Seoul Mutual in the amount of 1.1 billion Korean Won.

16.     The complaint in the KDIC Action further alleges that Kap Soo Suh issued two illegal loans to an individual by the name of Gung Deok Nam, 6.5 billion

Korean Won of which remains unpaid.  The complaint further alleges that Kap Soo Suh has caused damage to Seoul Mutual in the amount of 5.55 billion Korean Won.

17.   According to the complaint, Kap Soo Suh is liable for 7.492 billion Korean Won in compensatory damages.

18.   By a Notification of Investigation Result and Action Request dated June 18, 2008, the Financial Supervisory Service of Korea, which regulates financial institutions, advised Seoul Mutual and its Representing Directors that Kap Soo Suh had engaged in illegal/wrongful conduct as a Representing Director of Seoul Mutual.

19.   By a Notification of Investigation Result and Action Request dated September 28, 2012, the Financial Supervisory Service of Korea advised Seoul Mutual and its Representing Directors that Kap Soo Suh had engaged in illegal/wrongful conduct as a former Representing Director of Seoul Mutual.

20.   Beginning in or about June 2008, Kap Soo Suh had reason to believe that he would become personally liable for his provision of illegal loans.

21.   Beginning in or about April 2009, Kap Soo Suh began transferring his assets overseas through a network of family members, which included his wife, his daughter, his two sons, and his two daughters-in-law.

22.   Between May 2008 and November 2012, Kap Soo Suh made transfers to Junghan Suh totaling 984,887,729 million Korean Won (approximately $953,665 USD) (the "Transfers").

23.    Upon information and belief, Junghan Suh is the son of Kap Soo Suh.

24.    Between March 2010 and January 2013, Kap Soo Suh made transfers to Jungeun Lee totaling 600 million Korean Won (approximately $580,979 USD).

25.    Upon information and belief, Jungeun Lee is the wife of Junghan Suh and the daughter-in-law of Kap Soo Suh.

26.    On or about March 25, 2011, Junghan Suh and Jungeun Lee acquired real property located at 23 Harvard, Unit 1, Brookline, Massachusetts 02445-7952, Parcel No. BROO-000170-000024-000001, Document Number 33875, Book 28722, Page 282(the "Property").

27.    Kap Soo Suh's transfers of assets to Defendants between May 2008 and January 2013, were intended to hinder, delay, or defraud Seoul Mutual and the bank's ability to collect a judgment against Kap Soo Suh.

## FIRST COUNT

**(Violation of the Massachusetts Uniform Fraudulent Transfer Act)**

**(Against All Defendants)**

28.    Plaintiff incorporates by reference Paragraphs 1 through 27 as if set forth at length herein.

29.    The Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. Laws ch. 109A, § 5(a) defines a fraudulent transfer as:

A transfer made or obligation incurred by a debtor . . . whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that [the debtor] would incur, debts beyond [the debtor's] ability to pay as they became due.

30.   Upon information and belief, Kap Soo Suh, with the assistance of Defendants, made the fraudulent transfers of assets with the intent of hindering, delaying, or defrauding Seoul Mutual.

31.   "Badges of fraud" have occurred under Massachusetts Uniform Fraudulent Transfer Act CH. 109A, § 1 et seq. proving that fraudulent transfers of assets occurred from Kap Soo Suh to Defendants.

32.   Upon information and belief, the fraudulent transfers of assets occurred as transfers among insiders, and not as a result of third-party, arms-length

transactions, with Junghan Suh being the son of Kap Soo Suh and Jungeun Lee being the daughter-in-law of Kap Soo Suh.

33.     Upon information and belief, inadequate consideration, if any, was given to Kap Soo Suh by Junghan Suh and Jungeun Lee for the transferred assets.

34.     The fraudulent transfers of assets to Junghan Suh and Jungeun Lee, which occurred between May 2008 and January 2013, occurred shortly before Kap Soo Suh expected to incur a substantial debt, as Kap Soo Suh had issued illegal loans as a Representing Director of Seoul Mutual and was informed of such by the Financial Supervisory Service of Korea through Notifications of Investigation Result and Action Request, dated June 18, 2008 and September 28, 2012.

35.     Kap Soo Suh did not receive reasonably equivalent value for the transfers of assets to Junghan Suh and Jungeun Lee.

36.     As such, the transfers of said assets were fraudulent transfers under the Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. Laws ch. 109A, § 5(a).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Seoul Mutual demands judgment against Defendants for:

1.  An order declaring that the transfer to Defendants of Kap Soo Suh's interests in any and all assets be set aside to the extent necessary to satisfy the claims in the KDIC Action;

2. That the property in the hands of the Defendants, including the Property, be attached in accordance with the provisions of the Massachusetts Code of Civil Procedure;

3. That the judgment herein be declared a lien on the property, including the Property;

4. That an order be made declaring that Defendants hold the property described above, including without limitation, the Property, in trust for Plaintiff;

5. That Defendants be required to account to Plaintiff for all profits and proceeds earned from or taken in exchange for the property described above, including, without limitation, the Property;

6. Reasonable attorneys' fees and costs; and

7. Such other relief as the Court may deem equitable and just.

Dated:  August 1, 2014                Respectfully submitted,

                                      WONG FLEMING
                                      821 Alexander Road
                                      Suite 200, P.O. Box 3663
                                      Princeton, New Jersey 08543
                                      Tel: 609-951-9520
                                      Fax 609-951-0270
                                      Email: jhaney@wongfleming.com
                                      *Attorneys for Plaintiff*
                                      *SEOUL MUTUAL SAVINGS BANK*


                                      By: /s/ James K. Haney_____
                                            James K. Haney